Marte Feliz v. Barr
BIA
Sagerman, IJ
A208 910 462

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand twenty.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

PEDRO ANTONIO MARTE FELIZ,
*Petitioner,*

v.                                          19-4118
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Pedro Antonio Marte Feliz, pro se, Alvarado, TX.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel;

Jaclyn E. Shea, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.[1]

Petitioner Pedro Antonio Marte Feliz, a native and citizen of the Dominican Republic, seeks review of a November 29, 2019, decision of the BIA affirming a June 13, 2019, decision of an Immigration Judge ("IJ") denying Marte Feliz's application for relief under the Convention Against Torture ("CAT"). *In re Marte Feliz,* No. A 208 910 462 (B.I.A. Nov. 29, 2019), *aff'g* No. A 208 910 462 (Immig. Ct. Napanoch June 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo

---

[1] Marte Feliz moves for leave to proceed in forma pauperis ("IFP"). Because the parties have completed briefing notwithstanding that pending motion, we GRANT the IFP motion and proceed to consider the petition on the merits.

2

and its factual findings under the substantial evidence standard. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1); *see also Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007). Government acquiescence "requires . . . that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *see* 8 C.F.R. § 1208.18(a)(7). The agency must consider "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther

3

relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(i)-(iv). Substantial evidence supports the agency's conclusion that Marte Feliz did not carry his burden to demonstrate that he was more likely than not to be tortured in the Dominican Republic. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . .").

The agency properly considered whether Marte Feliz had previously experienced harm rising to the level of torture as one of the factors relevant to the likelihood that he would be tortured in the future. *See* 8 C.F.R. § 1208.16(c)(3)(i) (directing the agency to consider "[e]vidence of past torture"). Contrary to Marte Feliz's argument on appeal, the agency did not treat this factor as dispositive, but rather considered it along with other evidence in determining the likelihood that Marte Feliz would be tortured in the future. Marte Feliz does not argue that the beating he experienced rose to the level of torture, and he did not exhaust that argument before the agency. *See Lin Zhong v. U.S. Dep't of*

4

*Justice*, 480 F.3d 104, 119–20 (2d Cir. 2007) (generally limiting review to issues raised before the BIA); *LoSacco v. Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (issues not raised in an appellate brief are considered abandoned and are not considered on appeal).

The agency also reasonably concluded that Marte Feliz had not established that this harm was at the direction of government officials. Marte Feliz alleged that he discovered that two government officials (Jose and Abraham Perez) were engaged in a fraud in which they would order unnecessary supplies from the medical supply company where he worked and then resell them. He reported this fraud to his supervisor, who told him not to take any action, and he was then beaten by three men who threatened him not to reveal the fraud. He did not explain why he believed that Jose and Abraham Perez, rather than his supervisor or someone else at his company, ordered the beating. He also did not corroborate his claims that Jose and Abraham Perez were government officials at the time of his attack or show that they remained government officials at the time of his hearing, and his testimony was vague as to their positions. *See Chuilu Liu v. Holder*, 575

5

F.3d 193, 196 (2d Cir. 2009) (IJ may require corroboration of even credible testimony).

Even assuming that his beating was ordered by government officials, Marte Feliz did not establish that they had any continued interest in harming him, given the years that had passed since that 2011 beating, the fact that he no longer worked at the company where the alleged fraud took place, and the absence of evidence of ongoing fraud. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Marte Feliz alleged that Jose and Abraham Perez had orchestrated the forced retirement of his parents, who worked for the national government, after he fled the Dominican Republic. But Marte Feliz did not explain how he knew that Jose and Abraham Perez were involved, and he personally had no further contact with them or his former employer after 2011. Marte Feliz did not claim that he would take further steps to expose their wrongdoing if he returned to the Dominican Republic.

Finally, Marte Feliz also failed to establish that the police would acquiesce to his torture. He argues that the

agency ignored testimony that the police refused to help him, but the agency reasonably concluded that his exchange with the police, which reflected concern for Marte Feliz's safety if he named his attackers, did not establish that the police refused to help him or would acquiesce to his torture. Marte Feliz also argues that country conditions evidence corroborates his claim that corrupt government officials act with impunity in the Dominican Republic. While the evidence reflects some instances of torture in other contexts and indicates that corruption is widespread and regularly goes unpunished, it does not include any instances of torture used to prevent exposure of corrupt activities or show that the police acquiesce to such torture.

For the foregoing reasons, the petition for review is DENIED. Marte Feliz's motion for IFP status is GRANTED. All other pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```